UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL C. GREENE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:23-cv-0739-MMD-EJY<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Request for Entry of Default Judgment. ECF No. 31. The Motion argues judgment should be entered in favor of Plaintiff because Defendants did not respond to discovery Plaintiff timely propounded. Defendants' Response provides a detailed and supported explanation of (1) why an initial and subsequent request for an extension of the due date for discovery responses was requested, (2) Plaintiff's intermittent failure to appear for scheduled telephone calls to meet and confer, and (3) Plaintiff's ultimate refusal to agree to an extension of discovery. ECF No. 32.

      Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgment when the Clerk of Court previously entered default based upon a defendant's failure to answer and defend. *OCWEN Loan Servicing, LLC v. Operture, Inc.*, Case No. 2:17-cv-01026, 2018 WL 1100904, at \*1 (D. Nev. February 12, 2018). Here, not only has Plaintiff not demonstrated he obtained a default against any of the Defendants, but the docket reflects Defendants answered Plaintiff's Complaint and have otherwise defended this action. ECF Nos. 18, 27, 32. Further, the Court generally disfavors default judgments because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, default judgment is not appropriately entered against Defendants in this case.

      There is also no basis for a finding of contempt of court or entry of any sanctions under Rule 37 of the Federal Rules of Civil Procedure. A court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

When deciding whether to grant case dispositive sanctions or default for noncompliance with discovery, the Court weighs five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (internal quote marks and citation omitted).

Here, there was no discovery order Defendants failed to obey. Indeed, Defendants worked diligently to communicate with Plaintiff about reasons for requested extensions of time to respond to discovery; Defendants responded to discovery during the period when extension discussions were ongoing; Plaintiff failed to attend meet and confer teleconferences Defendants arranged through the Nevada Department of Corrections; and Defendants' conduct evidence no willful or bad faith conduct. ECF No. 32 at 2-3. The Court further notes that the public's interest in an expeditious resolution of this litigation is not served by entering case dispositive or other sanction as Defendants have not unnecessarily delayed this matter or otherwise engaged in conduct warranting such a result. *Id*. The Court's docket is not served by sanctions against Defendants represented by a Deputy Attorney General who made genuine attempts to discuss discovery related issues with Plaintiff. In sum, Plaintiff has not demonstrated any basis for sanctions and, thus, the Court finds no prejudice arises from the refusal to grant sanctions. This case should be decided on its merits under the circumstances presented, and no less drastic sanctions need be considered.

Defendants request discovery be reopened for purposes of allowing them time to substantively respond to Plaintiff's interrogatories as well as to allow supplemental responses to Requests for Production of Documents. Again, the circumstances explained by Defendants that underlie this request support good cause and excusable neglect. *Id.* at 8-9.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request for Entry of Default Judgment (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that Defendants' request to reopen discovery is granted solely to allow Defendants time to respond to Plaintiff's interrogatories and supplement their responses to his requests for production of documents. Discovery is closed for all other purposes.

1    IT IS FURTHER ORDERED that the reopened discovery period will commence on **March 12, 2025** and close on **April 17, 2025**.

IT IS FURTHER ORDERED that Defendants' responses to interrogatories and supplementation of responses to requests for production of documents are due no later than **April 16, 2025**; the dispositive motion deadline is **June 9, 2025**; and the proposed Joint Pretrial Order is due **July 9, 2025**; provided, however, that if a dispositive motion is pending on that date, the due date for the proposed Joint Pretrial Order is automatically vacated and reset for 30 days after the Court's decision on any pending dispositive motions is issued.

Dated this 12th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE